Green, J.
delivered the opinion of the court.
It is objected, that because the testator of plaintiffs did not completely perform his undertaking, by paying the four hundred dollars, so as to be enabled to recover upon the special agreement, he cannot recover any thing upon the common counts, for the advances he did make. The case of Stump and Cox vs. Estill, (Peck’s Rep. 175,) was precisely like this, in principle. In that case the plaintiffs and defendant made an agreement under seal, by which Estill undertook to purchase ten thousand *294 pounds of cotton, to be delivered at his gin, Stump and Cox to pay him in money at three and six months, and before the time limited for the delivery of the cotton. They paid part of the price of the cotton, but failed to advance the whole amount. Estill refused to deliver the cotton, and a suit was brought against him for the advances which had been made. This court held that a recovery might be had in an action of assumpsit, and that it was better to allow a recovery in this form of action, for so much as had been done in part performance of a covenant, than relax the rule; that in an action of covenant, a plaintiff who had undertaken to perform a precedent condition, must aver performance on his part; for to relax this rule as had sometimes beenfflone in England, the court say, “is in effect- dispensing with the rule of law.” This case has not been departed from since, and the court feel disposed to follow it in the case now under consideration. From the'view above taken of the cause, it becomes unnecessary to determine whether in the contract between Armstrong and Harrison, the covenants are independent of each other, and authorise either party to maintain an action to recover any damages he may have sustained. Let the judgment be affirmed.
Judgment affirmed.